AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Julio Cesar Disla Bernardo, Gamalier Reynoso, and Tauber Yahir Gomez<br><br>*Defendant(s)* | Case No.<br>**8:22MJ1301SPF** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **March 25, 2022** in the county of **Hillsborough** in the **Middle** District of **Florida**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 USC §§ 70503(a) and 70506(a) and (b) | Conspiracy with intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and possession with intent to distribute five (5) kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b). |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Special Agent Robert A. Lauria, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: **March 30, 2022**

*Judge's signature*

City and state: Tampa, Florida

ELIZABETH A. JENKINS, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Robert A. Lauria, being duly sworn, depose, and state:

### Introduction and Agent Background

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been employed by the FBI since 2008. Since April of 2017, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. Operation Panama Express is a federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: the Drug Enforcement Administration ("DEA"), the Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), CGIS, the United States Coast Guard ("USCG"), and the United States Attorney's Office of the Middle District of Florida. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that utilize maritime conveyances to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

2. From 2008 through 2014, I was an FBI Agent working white collar crime, Securities Fraud specifically, in New York, New York. From 2015 through April 2017, I investigated Domestic Terrorism cases in the Tampa Division. Lastly, from April 2017 to present day, I have been assigned as a Special Agent to the Operation Panama Express Strike Force. As an FBI agent on the Panama Express Strike Force, I have personally conducted and participated in numerous narcotics

investigations that have resulted in the arrest and conviction of many individuals responsible for smuggling and trafficking in narcotics.

## Statutory Authority

3. I submit this affidavit in support of a criminal complaint charging that beginning on an unknown date and continuing through on or about March 25, 2022, while aboard a vessel subject to the jurisdiction of the United States, the defendants, JULIO CESAR DISLA BERNARDO, GAMALIER REYNOSO, TAUBER YAHIR GOMEZ did knowingly and willfully combine, conspire, and agree with each other and with other persons, to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

4. The averments contained in this Affidavit are based on my personal knowledge and/or reliable information relayed to me by other law enforcement officers with whom I have worked on this investigation. However, because of the limited purpose of this Affidavit, I have not included each and every fact known to me or other law enforcement agents concerning this investigation. I have included only those facts I believe are necessary to establish probable cause supporting the requested complaint.

## Probable Cause

5. The United States Coast Guard ("USCG") has the authority under 14 U.S.C. § 89 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce United States law.

6. On March 25, 2022, while on routine patrol in the Caribbean Ocean in international waters, a maritime patrol aircraft (MPA) detected an unknown Go-Fast Vessel (GFV), approximately 85 Nautical miles South of La Romana, Dominican Republic. The MPA reported multiple packages visible on deck. The UCGC Cutter Dauntless was diverted to investigate the GFV, launching its helicopter and a small boat to interdict the vessel.

7. The MPA observed the mariners onboard the GFV jettison bales of suspected contraband into the ocean. The GFV failed to heave-to, and the helicopter employed warning shots, which proved effective.

8. The USCG small boat boarding team recovered eleven bales of cocaine from onboard the vessel. The boarding team removed and identified the following crewmembers from the subject vessel: JULIO CESAR DISLA BERNARDO, GAMALIER REYNOSO, and TAUBER YAHIR GOMEZ.

9. The vessel had no physical flag flying, no vessel documentation, no registration numbers, no homeport, no name, nor any other markings painted on the hull. No crewmembers claimed to be the master of the vessel, nor did any crewmember make a verbal claim of nationality or registration for the vessel.

3

Therefore, the USCG assimilated the GFV as stateless, therefore subject to the laws of the United States.

10. The USCG boarding team opened a bale of suspected contraband and conducted two tests of the white powder utilizing narcotic identification test kits (NIK) which tested positive for cocaine. The at-sea weight of the eleven (11) bales of cocaine was 370 kilograms.

### Conclusion

12. Based upon the foregoing information, I respectively submit that probable cause exists to believe that the following four defendants named herein, JULIO CESAR DISLA BERNARDO, GAMALIER REYNOSO, and TAUBER YAHIR GOMEZ, while aboard a vessel subject to the jurisdiction of the United States, knowingly and willfully combined, conspired, and agreed with each other and with other persons to distribute and possess with the intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 46, United States Code, Sections 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section 960(b)(1)(B)(ii).

ROBERT A. LAURIA
Special Agent, FBI

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d), before me this 30TH day of March, 2022.

_____
ELIZABETH A. JENKINS
United States Magistrate Judge